UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            CASE NO. 6:94-cr-166-Orl-19

LUTHER WOODS,

    Defendant.
_____

## ORDER

This case is before the Court on Defendant's Petition Pursuant to the All Writs Act: Error Coram Nobis (Doc. No. 223).

## I.    Procedural History

Defendant was charged by indictment with one count of conspiracy to commit armed bank robbery (count one), four counts of armed bank robbery (counts two, three, four, and five), and one count of use of a firearm during and in relation to a crime of violence (count seven) (Doc. No. 39, filed December 1, 1994). He entered guilty pleas to all six counts and was sentenced to a 121-month term of imprisonment as to counts one through five, and a consecutive 60-month term of imprisonment as to count seven (Doc. No. 127, filed May 23, 1995). Defendant did not file a direct appeal.

Defendant unsuccessfully filed various post-conviction motions, including a § 2255 motion which was found to be untimely and meritless. *See* Doc. No. 220, filed June 9, 2005.

Defendant appealed the denial of his § 2255 motion, and the Eleventh Circuit Court of Appeals denied his request for a certificate of appealability. *See* Case Number 6:03-cv-1730-Orl-19, Doc. No. 35, filed September 22, 2005.

## II.     Defendant's Current Motion

Defendant asserts that the "United States Attorney's Office committed fraud upon this Court, by bringing forth an indictment alleging a violation of the laws of the United States, pursuant to the non-enacted statute of § 2113(d) of Title 18.  Section(d) has not been made an Act of Congress, nor has it been published in the Statutes at Large, as required of all Laws of the United States." (Doc. No. 223 at 1.)  According to Defendant, he is no longer in custody pursuant to the conviction that is being challenged; therefore, § 2255 is not an option.  He seeks a writ of coram nobis.

## III.    Writ of Coram Nobis

Coram nobis ("before us") was used to attack both civil and criminal judgments in the Court of the King's Bench.  Similar relief was sought in the Court of Common Pleas by a petition for writ of error coram vobis ("before you").  Although coram nobis has been abolished in federal civil practice, *see* F.R.Civ. P. 60(b), the writ remains available in certain criminal cases. *United States v. Morgan*, 346 U.S. 502 (1954).  However, "[c]oram nobis relief is unavailable to a person . . . who is still in custody." *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999); *see also United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody . . . .").

For a person such as Defendant, who is still in custody, 28 U.S.C. § 2255 provides the appropriate remedy for collateral attack of a federal conviction. *Dees v. Murphy*, 794 F.2d 1543, 1545 (11th Cir. 1986). Since Defendant is presently in federal custody, coram nobis relief is unavailable.

Alternatively, Defendant's request for coram nobis relief is without merit. "In criminal matters, '[f]ederal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Bonadonna v. Unknown Defendant*, No. 05-15058, 2006 WL 1374470, *2 n.2 (11th Cir. 2006) (*quoting United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000)). A writ of error coram nobis may be issued only when 1) "there is and was no other available avenue of relief," and 2) "'the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (*quoting Moody v. United States*, 874 F.2d 1575, 1576-77 (11th Cir. 1989)). A district court "may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204.

In the instant case, Defendant could have raised the challenge he now raises in either a direct appeal or his § 2255 motion. In fact, it appears he did raise a similar argument in his § 2255 motion and received no relief. Petitioner's baseless assertion that his instant

claim is "jurisdictional" does not vest this Court with authority to grant his requested relief. A review of the record reveals that he was properly charged with violations of the laws of the United States, all of which are cognizable offenses, and the uncontested facts recited at the plea hearing sufficiently established the elements of the offenses. *See Faines v. United States*, No. 96 Civ. 6957(MBM), 1997 WL 53190 (S.D.N.Y. February 10, 1997) (denying § 2255 claim that the court lacked jurisdiction to accept the guilty plea and to sentence the defendant under 18 U.S.C. § 2113(d)); *see also United States v. Pendleton*, No. 87-3968, 1988 WL 58033 (9th Cir. May 31, 1988) ("A guilty plea conclusively proves the factual allegations contained in an indictment.").

**V.    Conclusion**

Thereon it is **ORDERED** that Defendant's Petition Pursuant to the All Writs Act: Error Coram Nobis (Doc. No. 223) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida this   9th   day of January, 2007.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 1/9
Luther Woods
Counsel of Record

4